UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-4355-SVW | Date | July 17, 2014 |
|---|---|---|---|
| Title | Isom, et al. v. Marg, et al. | | |

# JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER REMANDING CASE TO STATE COURT

**I.   BACKGROUND**

   Plaintiffs Ken and Rex Isom filed a complaint against defendants Travis Marg, Leonard Alogna, Able Air Corporation, and John Clausen in the Los Angeles County Superior Court on August 20, 2013. Plaintiffs served their Second Amended Complaint ("SAC") on newly-added defendant Nathalie Marg on May 22, 2014. The SAC alleges counts of fraud, negligent misrepresentation, breach of contract, breach of express and implied warranty, false advertising, and negligence against Defendants in connection with the sale of a Cessna aircraft to Plaintiffs in September 2011. Plaintiffs allege that Travis Marg and Nathalie Marg made knowingly false representations regarding the safety and airworthiness of the aircraft in an advertisement, knew of but failed to disclose numerous latent defects in the condition of the aircraft, and entered false information about the aircraft's maintenance and condition in the aircraft's log book. Plaintiffs also allege that defendant Algona installed a backup vacuum system which he failed to properly document, that defendant Clausen fraudulently signed off on the aircraft's 2011 annual inspection without actually performing the inspection, and that defendant Able Air failed to adequately perform the required "pre-buy" inspection of the aircraft and fraudulently represented that the aircraft was safe to fly.

   On June 5, 2014, Nathalie Marg (hereinafter "Defendant") removed the case to this Court on the basis of federal question jurisdiction. *See* 28 U.S.C. § 1331; § 1441(a). In her Notice of Removal ("Notice"), she asserted that removal was proper under 28 U.S.C. 1441(a) because Plaintiffs' state law claims are grounded in allegations of noncompliance with federal laws and regulations governing aircraft and therefore "arise under" federal law within the meaning of § 1331. (Notice at 3-4). Defendant also claimed that removal is proper under 28 U.S.C. § 1442(a) because defendants' obligation

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-4355-SVW | Date | July 17, 2014 |
|---|---|---|---|
| Title | Isom, et al. v. Marg, et al. | | |

to comply with federal laws and regulations governing aircraft record-keeping renders them immune from liability under state law. (*Id.* at 4.)

Shortly after removing the case to this Court, Travis Marg and Nathalie Marg filed a motion to dismiss the SAC. The Court stayed briefing on the motion to dismiss and ordered Defendant to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) ("The defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction."); 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Defendant filed her Response to the Order to Show Cause ("Response") on June 25, 2014, and Plaintiffs filed their Opposition to Defendant's Response ("Opposition") on July 7, 2014.

In her Notice, Marg argued that Plaintiffs' claims arise under federal law within the meaning of § 1331 and § 1441(a) because "Plaintiffs intertwine[d] their fraud, misrepresentation, and other claims with allegations of noncompliance with federal laws and regulations...[and] [s]uch interpretation of federal law is exclusively the province of this Court, and not state court." (Notice at 3-4). In her Response, Defendant now argues that the pervasive federal regulations relating to the "airworthiness" of aircraft and representations about airworthiness so completely preempt Plaintiffs' state law claims as to make those claims, from their inception, federal claims. (Response at 3-6).

In their Opposition, Plaintiffs contend that Defendant has not met her burden of showing that federal law so pervasively regulates the areas of aircraft maintenance, inspection repairs, design, contracts, and warranties as to completely preempt all state law claims in theses areas. (Opp. at 4-9). Plaintiffs also argue that Defendant's Response is procedurally defective and should be disregarded by the Court because it asserted a new substantive basis for removal jurisdiction that was not asserted in the Notice of Removal. (*Id.* at 9-10). Plaintiffs claim that this alleged change in arguments between the Notice of Removal and Response is the equivalent of an amendment to the Notice of Removal. (*Id.*) They contend that under Ninth Circuit case law, the Court cannot grant Defendant leave to amend her Notice of Removal to add a new substantive basis for removal jurisdiction beyond the thirty day period for filing the original notice of removal provided by 28 U.S.C. § 1446(b). (*Id.*)

**II.   LEGAL STANDARD**

28 U.S.C. § 1441 governs removal jurisdiction. There is a "strong presumption" against it. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). Here, as the defendant seeking removal, Marg bears the burden of establishing jurisdiction. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

|   | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-4355-SVW | Date | July 17, 2014 |
|---|---|---|---|
| Title | Isom, et al. v. Marg, et al. | | |

28 U.S.C. § 1446(a) requires a defendant seeking removal to file a notice of removal containing a "short and plain statement of the grounds of removal" in the appropriate federal district court. The defendant must file the notice within thirty days of being served with the initial copy of the plaintiff's complaint. § 1446(b). Within that thirty day period, the defendant may freely amend the notice. *See Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969). Once the thirty day period has run, the defendant may seek leave to amend the notice to "correct a defective allegation of jurisdiction." *ARCO Environmental Remediation, LLC v. Dept. of Health & Environmental Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000); *see also* 28 U.S.C. § 1653 ("defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

The defective allegations of jurisdiction in the notice of removal which defendants may seek to correct by amendment after the thirty day removal period are generally of two types. *See Smiley v. Citibank*, 863 F. Supp. 1156, 1161 (C.D. Cal. 1993); *see also Ryan v. Dow Co.*, 781 F. Supp. 934, 940 (E.D.N.Y. 1992). First, the defendant may have put forth sufficient facts and legal theories in the notice to support removal, but did not properly identify the statutory basis for the removal. *Id.; see, e.g., Ross v. Thousand Adventures of Iowa, Inc.*, 163 F. Supp. 2d 1044, 1047-49 (S.D. Iowa 2001) (permitting defendants to amend their notice to expand on their one sentence assertion that "this court also has jurisdiction pursuant to 28 U.S.C. § 157.").

Conversely, a defendant's notice may contain sufficient legal and statutory bases for removal, but fail to allege sufficient facts to support those bases. *Id.*; *see, e.g., Geerlof v. C & S Wholesale Grocers, Inc.*, No. 2:13-cv-02175-MCE-KJN, 2014 WL 1415974, at *4-5 (E.D. Cal. April 14, 2014) (defendants sought to amend notice of removal to allege additional facts of citizenship regarding diversity); *Alexander v. FedEx Ground Package Sys.*, No. C 05-38 MHP, 2005 WL 701601, at *3 (N.D. Cal. Mar. 24, 2005) (permitting defendants to amend their notice of removal, which asserted in a conclusory manner that the amount in controversy was satisfied, to add sufficient facts); *National Audubon Society v. Dept. of Water & Power of Los Angeles*, 496 F. Supp. 499, 503-04 (E.D. Cal. 1980) (holding that the defendants' proposed amendment to assert removal jurisdiction under § 1442(a) instead of § 1441 was, given that the court could consider the factual allegations in the complaint, merely correcting a technical problem with the legal theory asserted in the notice). In either instance, courts will usually allow amendments to the notice of removal for the purpose of correcting technical problems with substantive allegations of removal jurisdiction set forth in the notice of removal. *See, e.g., Emeryville Development Agency v. Clear Channel Outdoor*, No. C 06-1279 WHA, 2006 WL 1390561, at *3 (N.D. Cal. May 22, 2006) ("Other issues aside, allowing defendants to correct their technical failure [to establish the citizenship of one of the defendants] would be appropriate.")

The notice of removal cannot, however, "be amended to add a separate basis for removal

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-4355-SVW | Date | July 17, 2014 |
|---|---|---|---|
| Title | Isom, et al. v. Marg, et al. | | |

jurisdiction after the thirty day period." *O'Halloran v. University of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988) (citing *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 318 (9th Cir. 1969)); *see also Alexander*, 2005 WL 701601 at *2-3 (contrasting explanatory amendment with substantive amendment); *Hemphill v. Transfresh Corp.*, No. C 98-899 VRW, 1998 WL 320840, at *4 (N.D. Cal. June 11, 1998) (holding that defendant could not argue for the first time in its motion to oppose remand that removal jurisdiction existed pursuant to § 1337 when it had only asserted diversity jurisdiction and federal question jurisdiction under § 1333 in its notice of removal); *Smiley*, 863 F. Supp. 1156 at 1162 (noting "the Ninth Circuit's clear holding that a notice of removal cannot be amended [after the first thirty days] to add allegations of substance but solely to clarify defective allegations of jurisdiction previously made."). This rule serves to prevent defendants from removing cases on questionable substantive grounds to comply with the strict thirty day time limit of § 1446(b) and substituting their stronger arguments later. *See Hemphill*, 1998 WL 320840, at *4-5; *Smiley*, 863 F. Supp. at 1161-62. It also spares plaintiffs the burden of having to suddenly respond to a jurisdictional argument to which the notice of removal did not in fact put them on notice. *See Ross*, 163 F. Supp. 2d at 1048-49.

In the *Smiley* case, the defendants originally removed on the basis of diversity jurisdiction. *Smiley*, 863 F. Supp. at 1158. After the thirty day removal period had run, plaintiffs filed a motion to remand, arguing that the amount in controversy did not meet the amount required by 28 U.S.C. § 1331. *Id.* The defendants then sought leave to amend the notice of removal to argue that the plaintiffs' state law claims were completely preempted by the National Bank Act. *Id.* The court denied leave to amend, noting that "Citibank's predicament cannot fairly be called either a 'mislabeling' case or a 'lack of specificity case,'" but rather that "the defendant discovered that the original grounds on which it sought removal was baseless and tried to substitute a completely separate and distinct ground to take its place." *Id.* Similarly, in *Hemphill* the court determined that "Evergreen's attempt to add an entirely new basis for federal jurisdiction [by asserting jurisdiction under § 1337] is clearly an attempt to add an allegation of substance." *Hemphill*, 1998 WL 320840, at *4-5. The Ninth Circuit's rule prohibiting adding a new substantive basis for removal after the thirty days established by § 1446(b) does not allow a defendant who removes a case on the basis of diversity jurisdiction to "switch their theory 180 degrees" to plead federal jurisdiction by way of preemption. *Smiley*, 863 F. Supp. at 1161.

### III.  DISCUSSION

In this case, Defendant was served on May 22, 2014. She therefore had until Monday, June 23, 2014 to file any amendment to her notice of removal. 28 U.S.C. § 1446(b); *Barrow Dev. Co.*, 418 F.2d at 317; Fed. R. Civ. P. 6(a)(1)(C). She did not do so. In the meantime, on June 18, 2014, based on a sua sponte review of the notice of removal, the Court issued its Order to Show Cause why the case should not be remanded for lack of jurisdiction. (Dkt. 13.) Defendant filed her Response to the Order to Show

|  | : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-4355-SVW | Date | July 17, 2014 |
|---|---|---|---|
| Title | Isom, et al. v. Marg, et al. | | |

Cause on June 25, 2014.  (Dkt 14.)  Although the Response is not styled as an amended notice of removal, the Court construes it as such.  *Cf. Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969) (treating removal petition as if it had been amended to include information contained in subsequent affidavits); *Alexander*, 2005 WL 701601, at *2 (construing opposition to motion for remand as amendment to notice of removal).  Nevertheless, Defendant's attempt to amend the notice of removal is untimely because it was filed two days after the removal period mandated by § 1446(b) expired.

     Defendant's Response does not correct a defective allegation of jurisdiction, or "set out more specifically the grounds for removal that [were] already stated, albeit imperfectly, in the original notice."  14 Charles Alan Wright, et al., *Federal Practice and Procedure* § 3733 (4th ed. 2014).  Instead, it asserts a new legal basis for removal.  In her Response, Defendant argues that the Federal Aviation Regulations are so pervasive in the area of "airworthiness" of aircraft and false representations about airworthiness made in connection with sales and advertisements that Plaintiffs' state law claims are completely preempted and become federal claims on their face for purposes of the well-pleaded complaint requirement for federal question jurisdiction.  (Response at 3-7).  Yet neither preemption nor "the pervasiveness of the Federal Aviation Regulations" appear anywhere in the Notice.  Rather, Defendant argued that Plaintiffs' claims "arise under federal law" because resolution of the claims required interpretation of terms and requirements of federal statutes and regulations. and that such interpretations were "solely the province of this Court."  (Notice at 3-4).  While the "Introduction" section of the Response incorporates some of the language of the Notice, the actual legal argument in the Response regarding preemption was simply not made in the Notice.  (Response at 1-2).  Accordingly, the Response does not cure any defects nor clarify or expand on any arguments in the Notice.  Indeed, the Response does not even mention the argument regarding § 1442(a) made in the Notice.  Rather, Defendant likely discovered that she was unlikely to succeed on the legal argument for removal made in the Notice and "tried to use a completely separate and distinct ground to take its place."  *See Smiley*, 863 F. Supp. at 1162.[1]  This she is not permitted to do.

     Defendant also argues that Plaintiffs' claims "arise under federal law" for purposes of the well-pleaded complaint rule because Plaintiffs allege that the aircraft in question violated FAA regulations.  (Response at 8).  To the extent that this argument is meant to imply complete preemption by the FAA, Defendant is foreclosed from invoking this new basis for jurisdiction for the reasons just stated.  To the extent that Defendant is arguing that Plaintiffs' state law claims are facially federal claims because their resolution requires interpreting federal law, Defendant provides no authority for that proposition beyond

---

[1]  Nor did defendants argue that the state law claims were preempted in their motion to dismiss filed on June 12, 2014.  (*See* Dkt. 6.)

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-4355-SVW | Date | July 17, 2014 |
|---|---|---|---|
| Title | Isom, et al. v. Marg, et al. | | |

a quotation from *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) restating the "long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Id.* at 63.

## IV.  CONCLUSION

Defendant has failed to comply with the removal requirements of 28 U.S.C. § 1446(b).  The notice of removal does not establish the existence of federal question jurisdiction over Plaintiffs' state law claims.  Accordingly, the Clerk shall REMAND this case to the Los Angeles County Superior Court.  The Court declines to exercise its authority under 28 U.S.C. § 1447(c) to order Defendant to pay Plaintiffs' costs and attorney's fees.

:

Initials of Preparer         PMC